UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James David White,** | ) C/A No. 6-05-1737-GRA-WMC |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Dr. Karen Stacher, MD; | ) (partial summary dismissal) |
| Greenville Hospital System; | ) |
| Dr. Evan Vogel, MD; | ) |
| Greenville Mental Health; | ) |
| Nela Laughridge; | ) |
| Ivan James Toney, Esq; | ) |
| James W. Segura, Esq; | ) |
| Kim R. Varner, Esq; | ) |
| Mike Sanders; | ) |
| Ruth Ann Earl; | ) |
| Jim Aiken; | ) |
| J. F. Hamlett; | ) |
| T. T. Thompson; | ) |
| E-R Greenville Hospital, Staff Unknown; and | ) |
| M. S. Huntington, | ) |
| Defendant(s). | ) |

This is a civil rights action filed by a private citizen *pro se.*[1] Liberally construed, Plaintiff claims that Defendants conspired together in order to violate his constitutional rights by improperly instituting and/or participating in an involuntary mental-health commitment of Plaintiff based on Plaintiff's participation in picketing in front of a law firm's building. In addition to a request for the institution of criminal charges against Defendants, which is not a form of relief that may be awarded in this case, *see* Linda R.S. v. Richard

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e)(2); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

D., 410 U.S. 614, 619 (1973), Plaintiff seeks monetary damages from Defendants. Such claims, if otherwise sufficiently pled, are properly raised pursuant to 42 U.S.C. § 1983 and fall within this Court's federal question jurisdiction.[2] Because three Defendants named by Plaintiff: Greenville Hospital System, Greenville Mental Health, and E-R Greenville Hospital, Staff Unknown, do not qualify as persons, Plaintiff cannot state a valid § 1983 claim against those three Defendants. As a result, it is recommended that this case be summarily dismissed as to those three Defendants only.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U. S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

2

development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[3]  Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to three Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

As stated above, Plaintiff's claims, in general, are the type of claims that may be raised under this Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.   In order to state a valid claim for damages against any defendant under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."[4]  *See* 42 U.S.C. §

---

[3]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the  Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

[4]Whether a private individual's action rises to the level of state action necessarily depends on the relationship between the activity and the state.  The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).

1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).

It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. See Martin v. UConn Health Care, 2000 WL 303262, *1 (D. Conn., Feb 09, 2000); Ferguson v. Morgan, 1991 WL 115759 (S.D. N.Y. Jun 20, 1991).

Based on the foregoing authorities, it is clear that Plaintiff is unable to state a valid § 1983 claim against Defendants Greenville Hospital System, Greenville Mental Health, and E-R Greenville Hospital, Staff Unknown because none of these Defendants qualifies as a person. Greenville Hospital System and Greenville Mental Health, like the jails and prisons in the cases cited, are buildings or groups of buildings, *i.e.*, they are inanimate objects, not persons. Furthermore, Plaintiff's description of one Defendants as "Staff

4

Unknown" is not sufficient to name any person who might be liable under § 1983. As a result, these Defendants should be summarily dismissed from this case because Plaintiff cannot and does not state a valid § 1983 claim against them.

### Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to Defendants Greenville Hospital System, Greenville Mental Health, and E-R Greenville Hospital, Staff Unknown only. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 25, 2005
Greenville, South Carolina

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**