**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| James David White,<br><br>        Plaintiff,<br><br>v.<br><br>Dr. Karen Stacher, MD; Greenville Hospital System; Dr. Evan Vogel, MD: Greenville Mental Health; Nela Laughridge; Ivan James Toney, Esq; James W. Segura, Esq; Kim R. Varner, Esq; Mike Sanders; Ruth Ann Earl; Jim Aiken; J. F. Hamlett; T. T. Thompson; E-R Greenville Hospital, Staff Unknown; and M. S. Huntington.<br><br>        Defendants. | C/A No. 6-05-1737-GRA-WMC<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed July 25, 2005. The magistrate recommends the Complaint be partially dismissed as to Defendants Greenville Hospital System, Greenville Mental Heath, and E-R Greenville Hospital, Staff Unknown. This is a civil rights action and Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation

has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections to the Report and Recommendation on August 18, 2005. However, Plaintiff did not make specific objections to the Report and Recommendation, nor did he provide any basis for his objections. Therefore, by failing to make specific objections, Plaintiff is not entitled to a *de novo* review of the magistrate's report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *United States v. One Parcel of Real Property*, 73 F.3d 1057 (10th Cir. 1996) (stating that failure to file specific objections to the magistrate's report bars appellate review); *Howard's Yellow Cabs, Inc. v. United States*, 987 F.Supp. 469, 474 (W.D.N.C. 1997) (stating that "[a] litigant who objects only in vague or general terms to the magistrate judge's recommendation, thereby preventing the district court from focusing on specific issues for review, renders the initial reference to the magistrate judge useless and frustrates the purposes of the Magistrates Act. Such objections do not constitute an 'objection' under 28 U.S.C. § 636(b)(1)").

After a review of the magistrate's Report and Recommendation, this Court finds that

the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is partially DISMISSED without prejudice as to Defendants Greenville Hospital System, Greenville Mental Health, and E-R Greenville Hospital, Staff Unknown.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August   29  , 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.