# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

### GREENVILLE DIVISION

James David White,

        Plaintiff,

    v.

Dr. Karen Stacher, MD;
Dr. Evan Vogel, MD;
Nela Laughridge;
Ivan James Toney, Esq;
Kim R. Varner, Esq;
James Weston Segura, Esq;
Mike Sanders;
Ruth Ann Earl;
Jim Aiken;
J.F. Hamlett;
T.T Thompson and
M.S. Huntington,

        Defendant(s).

C/A No. 6:05-1737-GRA-WMC

ORDER

    This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed April 3, 2006.  Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 and various state law claims.  The magistrate recommends that the motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants, Toney, Laughridge, Varner, Segura, Aiken, Hamlett, Thompson and

1

Huntington be granted and the motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by Defendants, Stacher, Vogal, Sanders and Earl be granted. For the reasons stated below, the Report and Recommendation is accepted and the motions to dismiss as to Defendants, Toney, Laughridge, Varner, Segura, Aiken, Hamlett, Thompson and Huntington are GRANTED. Further, the motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by Defendants, Stacher, Vogal, Sanders and Earl are GRANTED.

Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the

2

absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff on April 20, 2006 filed an objection to the Report and Recommendation.

Plaintiff has failed to file a specific objection to the magistrate's Report and Recommendation, rather he makes various social and political statements which, do not constitute "specific objections" as required under FRCP 72(b). In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting it as the order of the Court. *Id.*

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Report and Recommendation is accepted and the motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants, Toney, Laughridge, Varner, Segura, Aiken, Hamlett, Thompson and Huntington be GRANTED.

IT IS FURTHER ORDERED that the motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by Defendants, Stacher, Vogal, Sanders and Earl be GRANTED.

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May 1, 2006.


NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4